(24 Misc. Rep. 113.)

## ROWE v. ROWE.

(Supreme Court, Special Term, New York County. June 1, 1898.)

DIVORCE—ADULTERY—EVIDENCE.

Depositions of two residents of another state, identifying an alleged photograph of defendant as that of a woman who was living there with, and calling herself the wife of, one other than her husband, and evidence, by a witness who knew defendant, that the photograph was of her, but

without any evidence as to her appearance or age, is of itself insufficient to warrant the granting of a divorce for adultery, especially where defendant was a nonresident, and probably had no actual knowledge of the pendency of the suit.

Action by James H. Rowe against Mary Jane Rowe.　Dismissed.

Henry B. Wesselman (A. J. Skinner, of counsel), for plaintiff.

LAUGHLIN, J.　This is an action for an absolute divorce.　The defendant has not appeared.　The summons was served by publication, and by mailing a copy, together with the order authorizing such service, to the defendant, at Sandwich, Ill.; that being her last known place of residence, as disclosed by the papers upon which the order for service by publication was granted.　It appears that before such service was made the defendant changed her place of residence, and her whereabouts could not be ascertained for the purpose of making personal service without the state.　It is not at all probable, therefore, that the defendant is aware of the commencement or pendency of this action.　Notwithstanding the fact that the summons has been regularly served pursuant to our statutes, I think it proper that the court should, in determining the force to be given to uncertain or unsatisfactory evidence, and in determining whether it is free from suspicion, bear in mind that the defendant probably has no actual knowledge of the pendency of the action.　The evidence shows that the plaintiff and defendant were married in this state on the 29th of June, 1885, and that they lived together in the state of New Jersey until about five years ago, when the defendant left the plaintiff. The plaintiff has since continued to reside in New Jersey.　The depositions of two witnesses of. Sandwich, Ill., were read upon the trial.　These witnesses identified a photograph as that of a woman who lived in Sandwich, Ill., from April 11 to June 18, 1897, with a man named Altrogge or Oltrogge, and state that she called herself his wife, and was known as Mrs. Jeanette Altrogge or Oltrogge. A witness residing in New Jersey, who was well acquainted with the plaintiff, and who had seen the defendant, and had been introduced to her by the plaintiff at the witness' store, and who had seen her at the plaintiff's residence on one other occasion, many years ago, identified the photograph referred to in the depositions as a photograph of the plaintiff's wife.　This is the substance of the evidence presented to the court by the plaintiff.　I deem it unwise and unsafe to accept such evidence as satisfactory proof of the infidelity of the plaintiff's wife.　When the defendant in a divorce case has only been identified by a photograph, the evidence should be clear and conclusive that the exhibit is the photograph of the defendant; and there should be some corroborative evidence of the residence of the defendant in the locality, or a description of the appearance and age of the defendant, so that the case would not rest wholly on opinion evidence.　The witness in New Jersey was not sufficiently acquainted with the defendant to render his evidence reliable.　The photograph may have been that of a sister or other relative of the defendant, or of some other woman resembling her.　The same is true of the evidence of the Illinois witnesses.　They have merely given their

opinion that the photograph is the likeness of the woman who lived there under another name. The case is barren of corroborative evidence by any one who knew the defendant that she at any time resided or sojourned in Sandwich, Ill., or as to her age, complexion, or stature.

The complaint must therefore be dismissed, but without prejudice to an application to the special term of this court for leave to open the case and introduce further evidence.